EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br>    Wilfredo Méndez Matos <br>   Andrés Rodríguez Darrigrande <br>   Nilda I. Vázquez Quiñones <br>   José J. Velázquez Quiles <br>   Pedro Vélez Vargas | 2004 TSPR 100 <br><br> 161 DPR \_\_\_\_ |

Número del Caso: TS-5724
            TS-11,117
            TS-3699
            TS-8247
            TS-3086
            (Cons.)


Fecha: 26 de abril de 2004

Colegio de Abogados de Puerto Rico:
                    Lcda. Mady Pacheco García de la Noceda
                    Directora Ejecutiva

                    Lcdo. José M. Montalvo Trías
                    Director Ejecutivo

                    Lcdo. Israel Pacheco Acevedo


Oficina de Inspección de Notarías:
                    Lcda. Carmen H. Carlos
                    Directora

                    Lcdo. Edgardo Ortiz Bauzá
                    Director Interino


Oficina del Procurador General:
                    Lcda. Cynthia Iglesias Quiñones
                    Procuradora General Auxiliar


 Abogada de Nilda I. Vázquez Quiñones:
                    Por Derecho Propio

Materia: Conducta Profesional

(La suspensión de la Lcda. Nilda I. Vázquez Quiñones será efectiva el 6 de mayo de 2004 fecha en que se le notificó a la abogada de su suspensión inmediata).

(La suspensión del Lcdo. Pedro Vélez Vargas será efectiva el 17 de mayo de 2004 fecha en que se le notificó al abogado de su suspensión inmediata).

(La suspensión del Lcdo. José J. Velázquez Quiles será efectiva el 27 de mayo de 2004 fecha en que se le notificó al abogado de su suspensión inmediata).

(La suspensión del Lcdo. Andrés Rodríguez Darrigrande será efectiva el 4 de junio de 2004 fecha en que se le notificó al abogado de su suspensión inmediata).

(La suspensión del Lcdo. Wilfredo Méndez Matos será efectiva el 16 de junio de 2004 fecha en que se le notificó al abogado de su suspensión inmediata).

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Wilfredo Méndez Matos
Andrés Rodríguez Darrigrande
Nilda I. Vázquez Quiñones          TS-5724
José J. Velázquez Quiles           TS-11,117
Pedro Vélez Vargas                 TS-3699
                                   TS-8247
                                   TS-3086
                                   (cons.)

PER CURIAM

San Juan, Puerto Rico a 26 de abril de 2004

El 7 de agosto de 2003 el Colegio de Abogados de Puerto Rico (en adelante Colegio de Abogados) compareció ante nos para informarnos que los abogados querellados, Lcdos. Wilfredo Méndez Matos, Andrés Rodríguez Darrigrande, Nilda I. Vázquez Quiñones, José J. Velázquez Quiles y Pedro Vélez Vargas, **adeudaban la cuota de colegiación**. El Colegio de Abogados solicitó, además, que impusiéramos las sanciones correspondientes a los abogados, cuyas querellas hemos

consolidado por versar sobre el mismo asunto.

Así las cosas, mediante resolución de 1 de octubre de 2003 concedimos a los querellados un término de veinte (20) días para que mostraran causa por la cual no debían ser suspendidos del ejercicio de la abogacía. Ante la **incomparecencia** de éstos, emitimos una segunda resolución el 26 de noviembre de 2003 concediéndoles un **término final** de diez (10) días para cumplir con nuestra orden previa.[1] En ambas ocasiones les apercibimos que el incumplimiento con lo ordenado podría acarrear sanciones disciplinarias.

**Han transcurrido varios meses desde que finalizó el término que les concedimos a los abogados querellados y éstos aún no han efectuado el pago de la cuota de colegiación.**

II

Sabido es que los colegiados tienen la obligación legal de pagar la cuota del Colegio de Abogados. El incumplimiento con dicha obligación conlleva la suspensión inmediata e indefinida del ejercicio de la abogacía. *In re: Pérez Brasa*, res. el 10 de diciembre de 2002, \_\_\_\_\_

---

[1] Debemos indicar que la licenciada Velázquez Quiles presentó una moción en la cual nos informó que le había resultado imposible satisfacer la cuota del Colegio de Abogados por encontrarse desempleada. En vista de tal circunstancia, mediante resolución de 22 de diciembre de 2003, le concedimos hasta el 8 de enero de 2004 para pagar la cantidad adeudada. Dicho término finalizó hace varios meses, sin embargo, la abogada aún no ha satisfecho la cuota.

TS-5724, TS-11,117, TS-3699, TS-8247, TS-3086          3

D.P.R. _____ (2002), 2002 T.S.P.R. 46, 2002 J.T.S. 52; *In re: Alemany Enriquez*, res. el 5 de mayo de 2000, 150 D.P.R. _____ (2000), 2000 T.S.P.R. 117, 2000 J.T.S. 127; *In re: Morales Rubín*, 139 D.P.R. 44, 45 (1995); *Colegio de Abogados v. Schneider*, 117 D.P.R. 504 (1986).

De otra parte, los abogados tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal. La naturaleza de la profesión legal requiere escrupulosa atención y obediencia a las órdenes del Tribunal Supremo, especialmente a aquellas que están relacionadas con nuestra facultad disciplinaria. La indiferencia de un abogado al no atender nuestros requerimientos u órdenes acarrea la imposición de severas sanciones disciplinarias. *In re: Torres Torregrosa*, res. el 13 de enero de 2004, _____ D.P.R. _____ (2004), 2004 T.S.P.R. 9, 2004 J.T.S. _____; *In re: Fernández Pacheco*, res. el 21 de noviembre de 2000, 152 D.P.R. _____ (2000), 2000 T.S.P.R. 184, 2000 J.T.S. 195; *In re: Corujo Collazo*, res. el 23 de diciembre de 1999, 149 D.P.R. _____ (1999), 99 T.S.P.R. 191, 99 J.T.S. 139.

En el caso ante nos, los abogados querellados han demostrado una renuencia injustificada a satisfacer la cuota del Colegio de Abogados, han desatendido los requerimientos de este Tribunal y se han mostrado indiferentes ante nuestros apercibimientos de imponerles sanciones disciplinarias. En vista de lo anterior, se les

suspende inmediata e indefinidamente del ejercicio de la abogacía.  A los licenciados Méndez Matos, Vázquez Quiñónez, Velázquez Quiles y Vélez Vargas se les suspende, además, del ejercicio de la notaría.

Se les impone a los abogados querellados el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos.  Además, deberán acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta opinión *Per Curiam* y sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y sello notarial de los licenciados Méndez Matos, Vázquez Quiñónez, Velázquez Quiles y Vélez Vargas y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

| | |
|---|---|
| Wilfredo Méndez Matos | |
| Andrés Rodríguez Darrigrande | |
| Nilda I. Vázquez Quiñones | TS-5724 |
| José J. Velázquez Quiles | TS-11,117 |
| Pedro Vélez Vargas | TS-3699 |
| | TS-8247 |
| | TS-3086 |
| | (cons.) |

SENTENCIA

San Juan, Puerto Rico a 26 de abril de 2004

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se dicta sentencia decretando la suspensión inmediata e indefinida del ejercicio de la abogacía de los querellados de epígrafe. A los Lcdos. Wilfredo Méndez Matos, Nilda Vázquez Quiñónez, José J. Velázquez Quiles y Pedro Vélez Vargas se les suspende, además, del ejercicio de la notaría.

Se les impone a los abogados querellados el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberán acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y sentencia.

El Alguacil de este Tribunal deberá incautar la obra y sello notarial de los licenciados Méndez Matos, Vázquez Quiñónez, Velázquez Quiles y Vélez Vargas y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.  El Juez Asociado señor Rebollo López no intervino.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo